IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THADDEUS DONTRELL JOHNSON, | § | |
| TDCJ-CID # 5185966, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:05-CV-0315 |
| | § | |
| JANIE COCKRELL, JOE OLIVER, | § | |
| C. WAKEMON, L. LUCIOUS, | § | |
| RICHARD ORR, and PATRICA PRIOR, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

The claims in the instant suit were severed and transferred from the United States District Court for the Northern District of Texas, Wichita Falls Division, to the United States District Court for the Northern District of Texas, Amarillo Division, by Order issued November 30, 2005.

Plaintiff THADDEUS DONTRELL JOHNSON, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff claims the defendants have been deliberately indifferent to his serious medical needs connected with his mental health.

Plaintiff requests an award of $125,000.00 compensatory damages for "violations of psychiatric care and moral damage" and $135,000.00 punitive damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

By his January 19, 2006 response to the Court's Questionnaire, plaintiff was required to list each act or omission by each defendant on which he bases his claim against that defendant.

As to defendant COCKRELL, plaintiff states he was harmed by the "policies and procedures that were subjected upon actors of the agency/TDCJ etc." Plaintiff states he cut his own arms, took an overdose of medication, and was denied an unidentified vested liberty

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

interest.

Plaintiff alleges, on May 7, 2003, defendant OLIVER discontinued plaintiff's prescription for Loxapine and substituted Molindone without plaintiff's consent or informing him of the substitution. Plaintiff also states OLIVER placed plaintiff on numerous medications "with the knowledge that these meds would not help, which caused the plaintiff multiple self-inflicted lacerations and had to be transferred via ambulance to NWTH E.R. on 8-5-03."

Plaintiff alleges defendant WAKEMON failed to document plaintiff's known allergies to Trazadone on the New Intake Nursing Assessment dated May 20, 2003, resulting in plaintiff's suffering priapism on August 12, 2003.

Plaintiff alleges defendant LUCIOUS failed to monitor plaintiff for "decomposition" as stated in plaintiff' individual treatment plan, allowing numerous disciplinary cases on May 11, May 29, May 30, August 2, August 23, August 22, and September 12.

Plaintiff alleges defendant ORR prescribed Trazadone on August 12, 2003 despite plaintiff having informed the defendant that it caused him to suffer priapism on July 1, 2003. Plaintiff states defendant ORR insisted that plaintiff take the medication from September 5, 2003 through September 8, 2003, arguing that plaintiff's records did not note any allergy to it and, upon plaintiff's refusal, he recommended that plaintiff needed "a long stay at Skyview, Montfort, etc."

Plaintiff alleges defendant PRIOR and Unknown Agency Members falsified documents, and that, from September 5, 2003 to September 8, 2003, plaintiff was not fed adequately and was not given a suicide blanket because defendant PRIOR stated he was hostile and refused to talk. Further, plaintiff says, during that time, the defendant discontinued his anti-psychotic medication

Atenolol and Benadryl, subjecting plaintiff to adverse side effects.

The acts of subordinates do not trigger any individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause constitutional deprivation, or (2) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *see also Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985), *cert. denied*, 480 U.S. 916 (1987). Plaintiff does not claim any personal involvement by defendant COCKRELL; instead, he claims he was harmed by the "policies and procedures that were subjected upon actors of the agency/TDCJ etc." Plaintiff does not identify any such policy or procedure nor does he claim the policies or procedures were wrongful or unconstitutional. Plaintiff has failed to state a claim against defendant COCKRELL on which relief can be granted.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a

disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff's allegations of inadequate psychiatric care against the remaining defendants also fail to state a claim of constitutional dimension. By alleging defendant WAKEMON failed to document plaintiff's known allergies and defendant LUCIOUS failed to monitor plaintiff, plaintiff has stated claims of mere negligence, at best. Further, his allegations that Dr. ORR prescribed Trazadone despite plaintiff's insistence that it would cause him to suffer priapism, or that Dr. ORR recommended "a long stay at Skyview, Montfort, etc."due to plaintiff's refusal to take the prescribed medication only indicate that plaintiff disagreed with Dr. ORR concerning the proper treatment of his psychiatric needs and does not support a claim that he ignored facts indicating plaintiff was in substantial danger of serious harm and acted with deliberate indifference to plaintiff's serious medical needs.

Moreover, plaintiff's allegation that defendant OLIVER, identified as a psychiatrist at the Neal Unit, substituted a formulary medication for a non-formulary medicine, i.e., substituted Molindone for Loxapine, and then prescribed various medications knowing they would be ineffective lacks any allegation of fact showing how OLIVER could know the medications he prescribed would not be effective. Plaintiff's expression of his opinion as to the probable efficacy of these medications is not a sufficient basis to charge defendant OLIVER with knowledge that they would not improve or help manage plaintiff's condition.

Plaintiff's alleges defendant PRIOR, whom he identifies as a clinical psychiatrist at the Clements Unit, falsified his medical records by noting he was hostile and refused to communicate, resulting in the failure to provide plaintiff a "suicide blanket" for three days. This allegation conflicts with plaintiff's allegation that "unknown medical staff falsified documents stating plaintiff having [sic] suicide blanket" and showing he was adequately fed but that he was not. Plaintiff does not state any basis for any contention that he has a constitutionally protected right to accurate medical records; and defendant PRIOR is both obligated and free to record whatever she feels is cogent, even if plaintiff disagrees with its accuracy. As to the records wrongly showing plaintiff's meals and possession of a suicide blanket, plaintiff does not indicate who made the inaccurate entries nor does he allege any fact showing that person or persons knew the entries were inaccurate. In short, plaintiff does not allege any fact showing an attempt to deprive him of food or blanket instead of mere negligence. Consequently, as to defendant PRIOR and the unknown medical staff, plaintiff has failed to allege facts to support a claim of deliberate indifference and has failed to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff THADDEUS DONTRELL JOHNSON be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of February 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).